# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**CEDRIC JOHNSON**                                                     **PLAINTIFF**
**ADC #099607**

v.                  **No: 4:23-cv-00801 LPR-PSH**

**CHARONE ALEXANDER; and**
**WINDELL JOHNSON**                                              **DEFENDANTS**

## ORDER

On December 30, 2024, Defendant Windell Johnson filed a Motion for Summary Judgment on the merits of Plaintiff Cedric Johnson's claims, together with a Brief in Support and a Statement of Undisputed Material Facts (Doc. Nos. 35-37). Plaintiff Johnson filed a short response to Johnson's motion on January 13, 2025, stating he needed more time to conduct discovery (Doc. No. 39). Defendant Johnson replied to Plaintiff Johnson's motion and explained that Plaintiff Johnson has been allowed to review all his medical records and that Plaintiff Johnson has not propounded any discovery on Defendant Johnson. *See* Doc. No. 40. To the extent Johnson seeks more time for discovery, his request is denied. The discovery deadline ran in this case on December 16, 2024. *See* Doc. No. 27. Johnson does not describe what discovery he needs, and he does not explain why he was unable to conduct discovery during the time provided.

On January 21, 2025, Defendant Charone Alexander was granted leave to adopt Defendant Johnson's motion and related pleadings. *See* Doc. Nos. 41-42. Johnson now has an opportunity to file a substantive response opposing the Defendants' motion. To be considered, the response must be filed within twenty-eight days of this order's entry date. At the summary judgment stage, a plaintiff cannot rest upon mere allegations and, instead, must meet proof with proof. *See* Fed. R. Civ. P. 56(e). Accordingly, Plaintiff Johnson's response must include legal arguments as well as evidence establishing that there is a genuine issue of material fact that must be resolved at a hearing or trial. Such evidence may include declarations or notarized affidavits that he or others have signed. Affidavits and declarations are sworn statements that are made under penalty of perjury (*see* 28 U.S.C. § 1746). Unsworn statements will not be considered in deciding the motion for summary judgment. And to be considered, an affidavit or declaration must be based on personal knowledge of the person who signs it.

If Plaintiff Johnson files a response, he must also file a <u>separate</u>, short statement which lists: (a) any disagreement he has with the specifically numbered factual assertions contained in the defendants' statement of undisputed facts; and (b) any other disputed facts that he believes must be resolved at a hearing or trial. *See* Local Rule 56.1, Rules of the United States District Court for the Eastern District of Arkansas. If Plaintiff Johnson disputes any of the facts set forth in the defendants'

statement of undisputed facts, he must identify each numbered paragraph that contains the facts he disputes and, for each paragraph, explain why he disputes those facts.

Finally, Plaintiff Johnson is advised that if he intends to rely upon grievances or records that have been filed with the Court previously, he must specifically refer to those documents by docket number, page, date, and heading. The Court will not sift through the file to find support for Plaintiff Johnson's factual contentions. *See Crossley v. Georgia-Pacific, Corp.*, 355 F.3d 1112, 1113-14 (8th Cir. 2004) (affirming the grant of summary judgment because a plaintiff failed to properly refer to specific pages of the record that supported his position).

IT IS THEREFORE ORDERED THAT:

Plaintiff Johnson may file a response to the Defendants' motion for summary judgment along with a separate statement of disputed facts that complies with Fed. R. Civ. P. 56, Local Rule 56.1 and the instructions set forth in this Order within twenty-eight days. While Plaintiff Johnson is not required to file a response to the motion for summary judgment, if he does not respond, the facts set forth in the defendants' statement of facts may be deemed admitted by Plaintiff Johnson, pursuant to Local Rule 56.1(c).

IT IS SO ORDERED this 21st day of January, 2025.

_____
UNITED STATES MAGISTRATE JUDGE