## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**CEDRIC JOHNSON**                                                      **PLAINTIFF**


**v.**                              **No: 4:23-cv-00801-LPR-PSH**


**CHARONE ALEXANDER; and**                                      **DEFENDANTS**
**WINDELL JOHNSON**


## PROPOSED FINDINGS AND RECOMMENDATION

## INSTRUCTIONS

The following Recommendation has been sent to United States District Judge

Lee P. Rudofsky. You may file written objections to all or part of this

Recommendation.  If you do so, those objections must: (1) specifically explain the

factual and/or legal basis for your objection, and (2) be received by the Clerk of this

Court within fourteen (14) days of this Recommendation. By not objecting, you may

waive the right to appeal questions of fact.

## DISPOSITION

### I.  Introduction

Plaintiff Cedric Johnson ("Plaintiff") filed a *pro se* complaint pursuant to 42

U.S.C. § 1983 on August 28, 2023 (Doc. No. 1).  Plaintiff sues APRN Windell

Johnson ("APRN Johnson") and Nurse Charone Alexander ("Alexander")

(collectively the "Defendants") in both their official and individual capacities.  Doc.

No. 1 at 2.  He alleges that the Defendants were deliberately indifferent to his serious

medical needs while he was incarcerated as a pre-trial detainee at the Dub Brassell

Detention Center in 2023.[1]  *Id.* at 5-8.

Before the Court is a motion for summary judgment, brief in support, and

statement of undisputed facts filed by APRN Johnson (Doc. Nos. 35-37) and adopted

by Alexander (*see* Doc. No. 42).  Plaintiff filed a short response to APRN Johnson's

motion on January 13, 2025, stating he needed more time to conduct discovery (Doc.

No. 39).  The Court denied his request for more time for discovery,[2] and notified

him of his opportunity to file a response to the motion for summary judgment and a

separate statement of disputed facts (Doc. No. 44).  He filed an affidavit (Doc. No.

45) but filed no separate statement of disputed facts.  Because Johnson failed to

controvert the facts set forth in the Defendants' statement of facts, Doc. No. 37, those

facts are deemed admitted.  *See* Local Rule 56.1(c).  The Defendants' statement of

facts, and the other pleadings and exhibits in the record, establish that the material

facts are not in dispute, and they are entitled to judgment as a matter of law.

---

[1] Johnson is currently incarcerated in the Arkansas Division of Correction's North
Central Unit.  *See* Doc. No. 22.

[2] The Court noted that the discovery deadline ran in this case on December 16, 2024,
and that APRN Johnson had informed the Court that Plaintiff had been allowed to review
all his medical records and that Plaintiff had not propounded any discovery on APRN
Johnson.  Doc. No. 44 (citing Doc. Nos. 27 & 40).

## II.  Legal Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper if "the movant shows that there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  An assertion that a fact cannot be disputed or is genuinely disputed must be supported by materials in the record such as "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . .".  Fed. R. Civ. P. 56(c)(1)(A).  A party may also show that a fact is disputed or undisputed by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1)(B).  A dispute is

genuine if the evidence is such that it could cause a reasonable jury to return a verdict

for either party; a fact is material if its resolution affects the outcome of the case.

*Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes

that are not genuine or that are about facts that are not material will not preclude

summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th

Cir. 2010).

## III.  Facts

In support of his motion for summary judgment, APRN Johnson submitted a

statement of undisputed facts (Doc. No. 37) with the following documentary

evidence:  Plaintiff's medical records filed under seal (Doc. No. 38) ("*Medical

Records*"); APRN Johnson's affidavit (Doc. No. 37-2) ("*APRN Johnson Affidavit*");

and Alexander's affidavit (Doc. No. 37-3) ("*Alexander Affidavit*").   Having

reviewed APRN Johnson's statement of undisputed facts, and the other pleadings

and exhibits, the Court finds the following material facts to be undisputed.[3]

1.      Plaintiff has chronic back pain dating back to at least 2018.

2.      On December 10, 2022, Plaintiff was booked into the Dub Brassel

Jefferson County Detention Center.

---

[3] Unless otherwise noted, these material facts are taken from the Defendants'
statement of undisputed facts, which are deemed admitted, and the other exhibits provided.
Opinions, argument, legal conclusions, and immaterial facts are omitted.

3.      Imaging studies of Plaintiff's back leading up to his detention showed "no acute disease," "degenerative changes" and no acute injury. *Medical Records* at WJ 0183, WJ 0062, WJ0078, WJ 0079, and WJ 0059.[4]

4.      On January 8, 2023, Plaintiff was taken to the emergency department at Jefferson Reginal Medical Center ("JRMC") after getting into an altercation at the detention center. *Medical Records* at JRMC 0895-0898. A CT of the abdomen and pelvis showed no injury, and Plaintiff was prescribed Naproxen and discharged. *Medical Records* at JRMC 0898.

5.      Between January 13, 2023, and February 11, 2023, Plaintiff filed several medical request forms complaining about back pain and wanting to see a spine specialist or neurosurgeon. *Medical Records* at WJ 0043-48, WJ 0050-51.

6.      On January 25, 2023, Dr. Elkins, the prior provider at the detention facility, continued Plaintiff's Naproxen prescription. *Medical Records* at WJ 0047.

7.      On February 1, 2023, APRN Johnson began seeing patients at the detention center. *Johnson Affidavit* at ¶ 2.

8.      On February 7, 2023, APRN Johnson saw Plaintiff at the detention center for the first time. *Medical Records* at WJ 0194. He performed a complete

---

[4] Page references refer to the bates numbers on the bottom lefthand corner of the medical records filed under seal.

history and physical, and he entered a request for Plaintiff to be seen by Dr. Jason Smith, an orthopedic spine surgeon. *Medical Records* at WJ 0194.

9.    On March 9, 2023, Plaintiff was seen by Dr. Jason Smith, JRMC Orthopedic Spine Surgeon, who evaluated Plaintiff, and prescribed physical therapy 2x/week for 6 weeks, then follow-up with pain management. *Medical Records* at WJ 0052.

10.    Dr. Smith, the spine surgeon, noted no further follow-up with him was needed. *Medical Records* at WJ 0052.

11.    On March 22, 2023, Plaintiff attended his first physical therapy appointment. *Medical Records* at JRPT 0031, JRPT 0034.

12.    He had two additional physical therapy sessions on April 12 and April 14, 2023. *Medical Records* at JRPT 0032-33.

13.    The physical therapy sessions were canceled by the provider because a female acquaintance or caregiver started visiting Plaintiff during therapy.[5] Doc. No 25 at 20 (Plaintiff's Response to Request for Production No. 6); *APRN Johnson Affidavit* at ¶ 5; *Alexander Affidavit* at ¶ 8.

14.    On April 4, 2023, APRN Johnson saw Plaintiff in follow-up after Dr. Smith's evaluation. *Medical Records* at WJ 0012. APRN Johnson: (1) collected

---

[5] Plaintiff does not dispute that his physical therapy sessions were cancelled for this reason, but disputes that he had any relationship with the caregiver, but maintains he simply knew her. *Plaintiff's Affidavit* (Doc. No. 45 at 3-4). This is not a material fact in any case.

and reviewed Plaintiff's outside medical records regarding his chronic back condition, (2) noted Dr. Smith's recommendation for physical therapy, and (3) continued Plaintiff's prescriptions for ibuprofen and Gabapentin, a new medication. *Medical Records* at WJ 0012-13.

15.     On April 25 and June 13, 2023, Plaintiff refused two visits with APRN Johnson. *Medical Records* at WJ 010, WJ 011; *APRN Johnson Affidavit* at ¶ 7.

16.     On June 20, 2023, APRN Johnson saw Plaintiff again for lower back pain. *Medical Records* at WJ 0008.  After conducting a physical examination, he noted the patient's spine was painful on movement and continued the prescriptions for ibuprofen and Gabapentin. *Medical Records* at WJ 0008.

17.     On August 28, 2023, Plaintiff was seen at Arkansas Spine & Pain upon referral from defendant Alexander, a nurse at the Dub Brassel Detention Center. *Medical Records* at WJ 0017.

18.     During his visit with pain management, the patient described his back pain as "dull" and "on an average about 4/10" with "onset of pain gradually over time." WJ 0017.  Plaintiff also stated that the pain began on "1/25/22." *Medical Records* at WJ 0029.

19.     Plaintiff was evaluated by Dara Mooney PA-C and Dr. Amir Qureshi "for further evaluation and treatment of chronic pain." *Medical Records* at WJ 0017,

WJ 0020.  Mooney charted she recommended injections but "will call facility and see what we need to do next."  *Medical Records* at WJ 0020.

20.    On September 5, 2023, Plaintiff was seen by APRN Johnson after the pain management referral.  He noted Plaintiff complained of continued low back pain.  *Medical Records* at WJ 0004.  APRN Johnson continued to treat Plaintiff's back pain with ibuprofen and Gabapentin.  *Medical Records* at WJ 0004.  APRN Johnson also noted that pain management recommended SI joint injections, but they were not yet scheduled.  *Medical Records* at WJ 0195.

21.    On October 19, 2023, Plaintiff was sentenced to the ADC for 60 months.  He remains in the custody of the ADC.

## IV.  Analysis

Plaintiff was a pretrial detainee when he was treated by Defendants between February and October of 2023.  Pretrial detainees' claims are evaluated under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment. *See Hartsfield v. Colburn*, 371 F.3d 454, 457 (8th Cir. 2004).  Pretrial detainees are entitled to at least as much protection under the Fourteenth Amendment as under the Eighth Amendment.  *See id.* (citing *Spencer v. Knapheide Truck Equip. Co.,* 183 F.3d 902, 906 (8th Cir. 1999)); *see also Davis v. Hall,* 992 F.2d 151, 152–53 (8th Cir. 1993) (per curiam) (applying deliberate indifference standard to pretrial

detainee's claims of inadequate medical care).[6] To succeed with an Eighth

Amendment inadequate medical care claim, a plaintiff must allege and prove that:

(1) he had objectively serious medical needs; and (2) prison officials subjectively

knew of, but deliberately disregarded, those serious medical needs. *Dulany v.

Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).  Additionally, the Eighth Circuit

has held that a "prisoner must show more than negligence, more even than gross

negligence, and mere disagreement with treatment decisions does not rise to the level

of a constitutional violation." *Estate of Rosenberg by Rosenberg v. Crandell*, 56

F.3d 35, 37 (8th Cir. 1995).

Viewing the evidence in the light most favorable to Plaintiff, the Court finds

that the undisputed material evidence in the record does not establish that either

APRN Johnson or Alexander was deliberately indifferent to Plaintiff's serious

medical needs.  APRN Johnson reviewed Plaintiff's medical history, examined him,

and requested that he be seen and evaluated by an orthopedic spine surgeon.  He and

Alexander also ensured that Plaintiff began physical therapy, as recommended, until

---

[6] In *Spencer,* the Eighth Circuit explained that it had never articulated an exact
standard for evaluating medical treatment claims brought by pretrial detainees.  183 F.3d
at 905.  The Court acknowledged that pretrial detainees' claims may be subject to an
objective reasonable test rather than the subjective deliberate indifference standard.  *Id.*
The Eighth Circuit addressed this issue again in *Bailey v. Feltmann*, 810 F.3d 589, 593
(8th Cir. 2016), where it declined to address the proper constitutional standard
unnecessarily, but noted that when that case was decided it was not clearly established
that a pre-trial detainee was entitled to more protection than that provided by the Eighth
Amendment.

it was canceled.  APRN Johnson continued to see Plaintiff for his complaints of back pain and continued to prescribe pain medication.  In August of 2023, Alexander referred Plaintiff to Arkansas Spine & Pain, and injections were recommended.  On September 5, 2023, APRN Johnson noted that injections had been recommended and continued Plaintiff's pain condition.  The next month, Plaintiff was transferred to the ADC.

Plaintiff may have disagreed with this course of treatment and believed he required surgery or injections sooner.  That does not mean the Defendants' treatment decisions were deliberately indifferent.  Rather, the providers simply disagreed as to the appropriate treatment for Plaintiff's complaints.  And a mere disagreement regarding treatment does not equate a constitutional violation.  *See Estate of Rosenberg by Rosenberg*, 56 F.3d at 37.  Because the evidence in this record does not establish that APRN Johnson or Nurse Alexander were deliberately indifferent to Plaintiff's serious medical needs, his claims against them in both their individual and official capacities[7] should be dismissed with prejudice.

## V.  Conclusion

The undisputed facts establish as a matter of law that the Defendants' treatment of Plaintiff did not evidence deliberate indifference to his serious medical

---

[7] *See Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007) (official capacity claim fails if plaintiff cannot establish a constitutional violation).

needs.  The undersigned therefore recommends that APRN Johnson's motion for summary judgment (Doc. No. 35), adopted by Alexander, be granted.  Plaintiff's claims should be dismissed with prejudice.

DATED this 4th day of August, 2025.

                          _____

                          UNITED STATES MAGISTRATE JUDGE